ZIMANSKI v. CURRO & WHITTAKER CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8023. Decided January 16, 1928

First Publication of this Opinion.

(Ferneding, PJ., Kunkle and Allread, JJ., of the Second Dist., sitting.)

Syllabus by Editorial Staff.

829. NEGLIGENCE.

Rule that defendant owes no duty to child who comes upon premises without invitation held not to apply to machinery left in public street.

Error to Common Pleas.

Judgment reversed.

Messrs. Anderson and Lamb, Cleveland, for Zimanski.

John H. McNeal, Cleveland, for The Curro & Whittaker Co.

STATEMENT OF FACTS

The defendant maintained a trench digging machine on East 200th Street, a public thoroughfare. A watchman was employed and put out lanterns. Three small boys, including the plaintiff, ranging from nine to eleven years of age, were playing around the machine and helped the watchman to put out the lanterns. The watchman then returned to the shanty, which was about one or two hundred yards distant. The machine had a gasoline tank located on rear part about four feet high, with a faucet or pet cock which turned easily. The boys, in playing around the machine, found said gasoline tank, and turned the faucet or pet cock to obtain gasoline to wash their hands and then, with the aid of a bucket or buckets and a bottle, drew the gasoline and made a fire. One of the boys kicked the bucket and blew the fire upon the plaintiff, causing him to be burned.

The negligence charged is, "that the defendant in this case was negligent in having this inflammatory and explosive liquid in this place on a public street where children played, and where they had a lawful right to be playing, and in their play they were attracted to this machine and turned out the gasoline, causing this accident. It is claimed that the Company was negligent in not having the machine properly guarded; that there was no watchman there at the time to keep children away; that they were negligent in that they had no sign or any warning upon the tank which contained gasoline; that they were negligent in that they had no lock or device of any kind upon the stop cock, pet cock or faucet."

The Court, upon the agreed statement of facts, rendered a judgment in favor of the defendant.

OPINION OF COURT

The following is taken, verbatim, from the opinion.

ALLREAD, J.

The defendant in error relies upon the case of Railway Co. v. Harvey, 77 OS. 235, which holds that a Railway Company is not liable for injury to a child of tender years who comes upon its premises without invitation and merely by sufferance.

This case is distinguished from the case of Harriman v. Railroad Company, 45 OS. 11, and must therefore be construed strictly.

In the instant case, the injury happened upon a public street, and it calls for a more liberal rule in favor of the child.

In the Harvey case, the child was a trespasser, or at most a mere licensee. In the instant case the child was lawfully upon the street, where it had a right to be.

The case of Ziehm v. Vale, 98 OS. 306, holds that "the principle of non-liability, applied in the Harvey case, supra, does not apply where the static condition of the premises is made perilous by the active and negligent operation thereof by the owner."

In the instant case the plaintiff is an infant of the age of eleven years, and the defendant

used no care to prevent the children playing on and around the trench digger, or from obtaining, from the gasoline tank, gasoline kept therein.· A watchman was employed and, with the boys, had placed the lanterns, and then had returned to the shanty some hundred or two hundred yards from the machine, leaving boys evidently playing with the machinery.

The watchman's duty did not end with the placing of lanterns, duly lighted, around the machinery, but he might be chargeable with a duty to watch the machinery and guard same from use by the children.

We hold that the court erred in taking the case from the jury and deciding the case upon the statement of counsel.

(Ferneding, PJ., and Kunkle, J., concur.)